**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X   Case No. 19-cv-01659

DARSHANE LOPEZ, on behalf of herself
individually and all others similarly situated,

                        Plaintiff,

                                                                                   **CLASS ACTION**
         -against-                                         **COMPLAINT**

PALISADES COLLECTION, LLC,

                        Defendant.
------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.     Further, this is an action for damages and injunctive relief brought by an individual consumer and on behalf of a class pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted credit card debt originally owned by "Providian" and whose balance was incurred for personal, family or household purposes.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign limited liability company incorporated in Delaware.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. There came a time when plaintiff discovered that her wages were being garnished.

16. Plaintiff did not know the identity of the person or entity which was garnishing her wages.

17. More than One Thousand Three Hundred Dollars was garnished from plaintiff's wages during all times relevant herein.

18. Plaintiff sought the advice of legal counsel in December 2018.

19. Thereafter, plaintiff learned through the marshal the name of the law firm representing the entity which was garnishing her wages.

20. Plaintiff was also informed that the entity garnishing her wages was Colonial Credit Corporation ("Colonial Credit").

21. This was the first time plaintiff ever heard of Colonial Credit.

22. On information and belief, Colonial Credit does not exist.

23. On information and belief, Colonial Credit has not existed since March 2009.

24. On information and belief, Colonial Credit was a Maryland corporation.

25. On information and belief, Colonial Credit was dissolved in Maryland in March 2009.

26. On information and belief, Colonial Credit is not registered with the New York State Secretary of State.

27. On information and belief, at all times relevant herein, Colonial Credit was not registered with the New York State Secretary of State.

28. Upon learning that Colonial Credit no longer exists, plaintiff telephoned the law firm purportedly representing Colonial Credit.

29. During said telephone call, plaintiff spoke with an employee or representative named Michael.

30. Michael informed plaintiff that defendant was actually the company garnishing her pay.

31. Plaintiff never received a notice of assignment of any debt or a notice of assignment of any judgment from defendant or Colonial Credit, or from anyone claiming to represent defendant or Colonial Credit.

32. Colonial Credit did not send notice of assignment of any debt or notice of assignment of any judgment to plaintiff.

33. Defendant did not send notice of assignment of any debt or notice of assignment of any judgment to plaintiff.

34. No notice of assignment of any debt or notice of assignment of any judgment was ever filed in any court with regard to plaintiff by Colonial Credit.

35. No notice of assignment of any debt or notice of assignment of any judgment was ever filed in any court with regard to plaintiff by defendant.

36. The sending of notice of assignment of a debt or notice of assignment of a judgment to a consumer is a condition precedent for valid collection of such debt or judgment where same has been assigned.

37. The first time plaintiff knew that defendant was garnishing her wages was in January 2019.

38. Defendant continues to garnish plaintiff's wages every two weeks up to the date hereof.

39. Defendant has garnished and continues to garnish plaintiff's wages in a name other than its own.

40. Defendant has garnished and continues to garnish plaintiff's wages in the name of Colonial Credit, a company which has not existed for almost ten years.

41. Defendant's garnishment of plaintiff's wages is unlawful and invalid by reason, *inter alia*, of failure to send a notice of assignment to plaintiff or to file same with a court.

42. Defendant's garnishment of plaintiff's wages is fraudulent, in that defendant has hidden behind a non-existent company and extracted monies from plaintiff's wages in the name of that company.

43. On information and belief, defendant garnishes wages in the name of Colonial Credit while concealing that it is actually the one garnishing the wages because defendant cannot prove a valid assignment of the alleged debt to defendant or a valid chain of title to the alleged debt.

44. Plaintiff is a low-income wage earner residing in Manhattan, New York.

45. Defendant's said fraudulent, unlawful and invalid garnishment of plaintiff's wages has interfered with plaintiff's ability to provide the basic necessities of life for herself and her family, and has caused plaintiff loss of use of money, loss of time, fright, distress, emotional anxiety, stress, fear, worry, loss of sleep and agitation.

AS AND FOR A FIRST CAUSE OF ACTION

*Fraudulent, unlawful and invalid garnishment*

15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(14)

46. Plaintiff re-alleges paragraphs 1-45 as if fully re-stated herein.

47. Defendant garnished and continues to garnish plaintiff's wages in the name of Colonial Credit, a company that dissolved in March 2009.

48. Defendant did not send notice of assignment of a debt or notice of assignment of a judgment to plaintiff.

49. Colonial Credit did not send notice of assignment of a debt or notice of assignment of a judgment to plaintiff.

50. Plaintiff received no notice of assignment of a debt or notice of assignment of a judgment from either defendant or Colonial Credit.

51. Defendant's garnishment of plaintiff's wages in the name of Colonial Credit and without a valid notice of assignment constitutes a violation of the FDCPA, including but not limited to 15 U.S.C. § 1692e(14), as the use of a business, company or organization name other than defendant's true name.

52. Defendant's garnishment of plaintiff's wages in the name of Colonial

Credit and without a valid notice of assignment also constitutes a violation of the FDCPA, including but not limited to 15 U.S.C. § 1692e, as a false, deceptive and misleading means used by defendant to collect a debt.

53. Defendant's garnishment of plaintiff's wages in the name of Colonial Credit and without a valid notice of assignment further constitutes a violation of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2)(A), as the false representation of the character, amount or legal status of a debt.

### AS AND FOR A SECOND CAUSE OF ACTION
### NYGBL § 349

54. Plaintiff re-alleges paragraphs 1-53 as if fully re-stated herein.

55. Each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

56. Defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

57. Defendant has a pattern and practice of garnishing the wages of New York consumers without sending a notice of assignment to consumers or filing same with a court.

58. Defendant also has a pattern and practice of garnishing the wages of New York consumers in the name of Colonial Credit.

59. On information and belief, in the three-year period immediately preceding the commencement of this action, defendant has garnished the wages of hundreds of New York consumers in the name of a company other than its own and without sending such consumers a

notice of assignment or filing same in court, similar to the manner in which defendant garnished plaintiff's wages.

60. Defendant's said garnishment conduct is therefore consumer-oriented.

61. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

62. Plaintiff did not know who was garnishing her wages.

63. When, with the assistance of counsel, she was informed that it was Colonial Credit which was garnishing her wages, that was the first time plaintiff was hearing of Colonial Credit.

64. Plaintiff then sought to have Colonial Credit cease its garnishment of her wages, only to find out that Colonial Credit does not exist and has not existed for almost ten years, and that it was in fact defendant which was garnishing her wages.

65. Defendant misled and deceived plaintiff into believing that Colonial Credit was garnishing her wages.

66. A reasonable consumer would have been misled and deceived into believing that Colonial Credit was garnishing her wages.

67. Defendant informed neither consumer nor court that defendant was the purported current creditor of the alleged debt.

68. On information and belief, defendant garnishes wages in the name of Colonial Credit while concealing that it is actually the one garnishing the wages because defendant cannot prove a valid assignment of the alleged debt to defendant or a valid chain of title to the alleged debt.

69. Defendant's concealment prevents consumers from inquiring as to

whether defendant has valid title to the alleged debts.

70. Defendant's said conduct was therefore deceptive and misleading in a material way.

71. Defendant's said fraudulent, unlawful and invalid garnishment of plaintiff's wages has interfered with plaintiff's ability to provide the basic necessities of life for herself and her family, and has caused plaintiff loss of use of money, loss of time, fright, distress, emotional anxiety, stress, fear, worry, loss of sleep and agitation.

72. Defendant violated NYGBL § 349(a) and is liable to plaintiff and the class under NYGBL § 349(h).

73. In that defendant's conduct was knowing and willful, defendant is liable to plaintiff and the class for actual, treble, punitive and exemplary damages under NYGBL § 349(h).

74. Plaintiff and the class are also entitled to injunctive relief against defendant.

## CLASS ALLEGATIONS

75. Plaintiff re-alleges paragraphs 1-74 as if fully re-stated herein.

76. This action is brought on behalf of plaintiff and the members of a two classes: the FDCPA Class and the NYGBL Class.

77. The FDCPA Class shall be defined as follows:

*All natural persons with addresses within the City of New York whose wages were garnished by defendant in the name of Colonial Credit Corporation within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint.*

78. The FDCPA class does not include defendant or persons who are officers,

directors or employees of defendant.

79. The NYGBL Class shall be defined as follows:

*All natural persons with addresses within the City of New York whose wages were garnished by defendant in the name of Colonial Credit Corporation within the period of time commencing three years before the filing of this complaint up to and including the date of the filing of the complaint.*

80. The NYGBL class does not include defendant or persons who are officers, directors or employees of defendant.

81. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) The classes are so numerous that joinder of all members is impracticable. Upon information and belief, hundreds if not thousands of persons have been fraudulently, unlawfully and invalidly garnished by defendant.

(B) There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA and the NYGBL by executing wage garnishments in the name of Colonial Credit.

(C) The only individual issue is the identification of the consumers who were the subject of defendant's garnishment action as aforesaid, a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  (E)  Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the classes.

82. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

83. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

84. As a result of the above violations, defendant is liable to plaintiff and the members of the classes for damages in an amount to be determined at the time of trial, injunctive relief, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

  (a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

  (b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

  (c) awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

  (d) awarding actual damages to plaintiff and the class pursuant to 15 U.S.C. §

1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from any further garnishment of the wages of plaintiff and other consumers within the City of New York similarly situated to plaintiff, pursuant to NYGBL § 349;

(g) enjoining defendant from committing any further deceptive and misleading acts and practices, pursuant to NYGBL § 349;

(h) awarding actual pecuniary and non-pecuniary damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i) awarding treble damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(j) awarding punitive and exemplary damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(k) awarding, in the alternative, statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(l) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(m) for such other and further relief as may be just and proper.

13-

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
February 22, 2019.

*/s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com